UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | |
|---|---|
| NATHANIEL J. COKER, ) | CASE NO. 5:07 CV 0495 |
| ) | |
| Petitioner, ) | JUDGE PETER C. ECONOMUS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) |  AND ORDER |
| UNITED STATES ATTORNEY, et al., ) | |
| ) | |
| Respondents. ) | |

On February 21, 2007, pro se petitioner Nathaniel Coker filed the above-captioned petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Coker brings this action against the "United States Attorney, et al."[1] He asserts that "the fine and probation" imposed by the court at sentencing is making his life "unlivable." Mr. Coker seeks an order from this court vacating "execution of the . . . sentence in Case # 5:97CR322." (Pet. at 2.)

*Background*

A review of the docket in Case No. 5:97CR0322 reveals that Mr. Coker was indicted in the United States District Court for the Northern District of Ohio on November 3, 1997. See

---

1   Despite the notation "et al.," there are no other respondents named in Mr. Coker's petition other than the United States Attorney.

United States v. Coker, et al., 5:97CR0322-1 (N.D. Ohio filed Nov. 3, 1997). He was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1).

On June 19, 1998, Judge Economus issued a Judgment and Commitment Order wherein Mr. Coker was sentenced to 96 months in prison. Further, upon release from imprisonment, petitioner was sentenced to three years supervised release and ordered to pay a fine of $4,000, "which pmts are to total not less than 10% of deft's gross monthly earnings, every month." (Coker, J & C - Dkt # 112). Petitioner was then remanded to the custody of the United States Marshal.

Mr. Coker was released from prison on December 30, 2004. See Federal Bureau of Prisons (visited May 17, 2007) < http://www.bop.gov/iloc2>. In his petition before the court he argues that he is not financially capable of paying the $4,000 fine imposed by the court. He claims that his wife has to pay all of the family bills because he does not earn sufficient income. Mr. Coker also objects to a January 4, 2007 letter he received from the Financial Litigation Agent, Sharmen Lett, in the office of the United States Attorney. In the letter she advised that he owes a balance of $5,317.39 on the fine imposed by the court. Ms. Lett further states: "Once we have received your completed financial statement, you will be scheduled to receive monthly statements. Please mail in each payment with the coupon that will be attached to your monthly statements." (Letter from Lett to Coker of 1/4/07, at 1.) Mr. Coker challenges the amount set forth in the letter, maintaining that he is only ordered to pay a $4,000 fine.[2]

---

[2] In an attached letter addressed to the Office of the U.S. Attorney, Mr. Coker states that he paid $1,497.63 towards his fine from June 23, 2004 until December 27, 2004 using money orders. (Letter from Coker to U.S. Atty. of 1/12/07, at 1.) There is no indication he made payments after that time period.

*Sentencing Challenges*

Courts have uniformly held that claims asserted by federal prisoners seeking to vacate the imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). The purpose of section 2255 is to provide a means of relief for a federal prisoner who seeks release from a sentence of incarceration. United States v. Watroba, 756 F.3d 28, 29 (6th Cir.), cert. denied, 516 U.S. 904 (1995). The Sixth Circuit has held, however that a prisoner who contests the imposition of a monetary fine is not "in custody" for § 2255 purposes, even if he were in prison. Id.; see also Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997)(prisoner cannot challenge court-ordered restitutioin in a § 2255 proceeding, despite incarceration).

Mr. Coker is no longer incarcerated. Moreover, it is clear he could not raise a valid challenge to the imposition of his fine in a motion to vacate pursuant to 28 U.S.C. § 2255. While these constraints are not the stated basis for which Mr. Coker has filed his present claims pursuant to 28 U.S.C. § 2241, he is otherwise not entitled to seek relief under the federal habeas statute.

*28 U.S.C. § 2241*

A federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not

3

considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Mr. Coker is not seeking release from prison or any physical restraint. He is simply challenging the fine imposed by the court and his ability to make payments. The essential purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Inasmuch as petitioner neither contests his liberty nor claims wrongful restraint, he is not entitled to habeas relief.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 5/18/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE